**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 30, 2003**

**Charles R. Fulbruge III**
Clerk

**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

No. 02-61070
Summary Calendar

JACQUE WHITE, Individually and as next friend of Cassandra Kelly, a minor,

Plaintiff-Appellant,

VERSUS

MCCOMB SEPARATE SCHOOL DISTRICT; PATRICK COOPER, Individually and in His Official Capacity as Superintendent; LINDA YOUNG, Individually and in Her Official Capacity as Principal of Kennedy Elementary; NEDRA SIMPSON, Individually and in Her Official Capacity as Kennedy Elementary Special Education Teacher; MARGARET ROBINSON, in Her Official Capacity as a School Board Member; MAURICE CHESTER, in His Official Capacity as a School Board Member; KENT KERBERT, in His Official Capacity as a School Board Member; ODESSA HOLMES, in His Official Capacity as a School Board Member; CHARLES DUNAGIN, in His Official Capacity as a School Board Member

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi, Jackson

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In May, 2001, Jacque White, (hereinafter "White") acting individually and as next friend of his minor daughter, Cassandra Kelly (hereinafter "Kelly"), filed suit in the Circuit Court of Pike County, Mississippi, against McComb Separate School District and several individual officials and employees of such district (hereinafter referred to collectively as "defendants") asserting claims of state law negligence and violation of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §1400 et seq arising out of an incident in which Kelly, who is severely and profoundly disabled, mentally and physically handicapped, fell out of a chair at a table in the special education classroom to which she was assigned by defendants. The defendants removed the case to the federal district court because of the federal question involved. Defendants moved for a summary judgment on the negligence issue because there was no genuine issue of material fact to support such claim and moved for dismissal of the IDEA claim on the grounds of failure to exhaust administrative remedies. The district judge granted defendants' motions and White appeals to this Court.

We have carefully reviewed the briefs, the reply brief, the record excerpts, and relevant portions of the record itself.

For the reasons stated by the district judge in his "Opinion and Order" filed on November 20, 2002, we affirm the final judgment entered on November 20, 2002, which dismissed the negligence claim with prejudice and the IDEA claim without prejudice.  AFFIRMED.